IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, a Delaware Statutory Trust, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:16-CV-1936-M |
| v. | § § | |
| ERNEST RICHARDS, | § § | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Remand [Docket Entry #6], filed by Plaintiff National Collegiate Student Loan Trust 2006-3 ("NCSLT"). For the reasons explained below, the Motion is **GRANTED**.

**Background**

On August 10, 2015, NCSLT, a Delaware statutory trust, filed this lawsuit against Defendant Ernest Richards ("Richards"), a Texas citizen, in the 191st Judicial District Court of Dallas County, Texas, in which NCSLT asserts a single claim against Richards for breach of contract, arising out of Richards's alleged failure to repay a student loan. *See* Pl. Orig. Pet. (Def. Rem. Not., Ex. 3) at 2, 3. NCSLT alleges that, as of March 25, 2015, Richards owed a principal balance of $42,740.22, plus accrued and unpaid interest in the amount of $4,570.17. *Id.* at 3, ¶12. On September 28, 2015, Richards filed an Original Answer in state court, asserting a general denial and raising various affirmative defenses. Def. Orig. Ans. (Def. Rem. Not., Ex. 4). On July 1, 2016, Richards filed a Notice of Removal in federal court, asserting that the lawsuit involves a Federal Debt Collection Act claim, complete diversity, and the amount in controversy exceeds $75,000. Def. Rem. Not. at 2, ¶9. NCSLT filed a Motion to Remand on July 14, 2016. The

issues have been fully briefed, and the Motion is ripe for determination.

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). A federal court's jurisdiction is limited, and a federal court generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. See 28 U.S.C. §§ 1331, 1332. The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Richards contends the Court has jurisdiction over this matter on both diversity jurisdiction and federal question grounds. Def. Rem. Not. at 2, ¶9. Federal question jurisdiction, under 28 U.S.C. § 1331, "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citation and internal quotation marks omitted). Thus, "[a] federal question exists 'if there appears on the face of the complaint some

substantial, disputed question of federal law.'" *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366). "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

NCSLT's Original Petition asserts a single state law claim against Richards for breach of contract. *See* Pl. Orig. Pet. at 3. Although Richards conclusorily asserts that this lawsuit involves a federal question arising under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), NCSLT's claim for breach of contract is not based on the FDCPA and does not depend on the resolution of a substantial question regarding that federal statute. Richards has thus failed to establish that removal is proper based on federal question jurisdiction.

In diversity cases, each plaintiff's citizenship must be different from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). Where a plaintiff alleges a sum certain in its pleading, that amount controls, if made in good faith. St. *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In this case, it is undisputed that NCSLT and Richards are diverse. However, the amount in controversy does not meet the jurisdictional threshold. NCSLT specifically alleges in its Original Petition that Richards owes a principal balance of $42,740.22, plus accrued and unpaid interest in the amount of $4,570.17. Pl. Orig. Pet. at 3, ¶12. The Court finds that NCSLT made its damages allegations in good faith, as it provided the Court with documentation showing its claim for only $47,310.39 represents the actual amount owing on the loan. *See* Pl. App. at 15, ¶10 & 45-58. NCSLT also requests an award of "reasonable and necessary attorney's fees of at least $5,000." *Id.* at 4. The amount in

controversy, including attorney's fees, is thus well below the jurisdictional minimum. *Id.* at 3, ¶15.

Richards appears to rely on a statement on the first page of NCSLT's Original Petition that it "seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, and pre-judgment interest." Pl. Orig. Pet. at 1, ¶2. But, this statement merely conforms to Texas Rule of Civil Procedure 47, which requires plaintiffs to select one of five prescribed statements describing the damages sought. *See* Tex. R. Civ. P. 47(c)(1). It does not, in the absence of additional facts, establish that the amount in controversy satisfies the jurisdictional minimum. *See, e.g., Payton v. Equifax Info. Servs., LLC,* 2014 WL 7236066, at *3 (N.D. Tex. Dec. 18, 2014) (Boyle, J.). Richards fails to set forth any facts that support a finding of the requisite amount, either in his removal notice or in support of his response to the Motion to remand. In the absence of such facts, Richards has failed to establish by a preponderance of the evidence that the amount in controversy requirement is met.

Further, under the so-called "forum-defendant rule," an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Removal of a case in violation of the forum-defendant rule renders the removal procedurally defective and provides a basis for remand where the issue timely raised. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). Here, Richards admits that he is a citizen of Texas—the same state in which NCSLT filed its original petition. Def. Rem. Not. at 1, ¶4. Although he asserts in his Notice of Removal that he was "never served," Richards filed an Original Answer in state court. *Id.*, Ex. 4. Under Texas law, an answer constitutes an appearance by a defendant and dispenses with the necessity for the issuance or service of citation upon that defendant. Tex. R. Civ. P. 121. Richards is thus

considered "properly served" for purposes of effecting removal. *Davis v. Cash*, 2001 WL 1149355, at *2 (N.D. Tex. Sept. 27, 2001) (Sanders, J.); *see also Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *4-5 (N.D. Tex. Oct. 20, 2015) (recognizing that defendant's answer filed in state court satisfies the requirement derived from the "properly joined and served" language that at least one defendant must be considered served prior to removal). Remand is therefore appropriate on the basis of the forum-defendant rule, which Plaintiff has timely raised.

Finally, NCSLT seeks its attorney fees incurred in connection with the removal. The Court has discretion to order Richards to pay NCSLT "just costs and any actual expenses, including attorney fees, incurred as a result of" improper removal. 28 U.S.C. § 1447(c). To warrant such an award, Richards must have "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Richards lacked an objectively reasonable basis to remove this case, because it does not involve a federal question or seek damages in excess of $75,000. Additionally, Richards is a citizen of Texas and not entitled to remove this case to a federal court in Texas.  The Court therefore orders Richards to pay NCSLT the reasonable attorneys' fees and costs it incurred as a result of removal. NCSLT shall submit by affidavit documents establishing such fees within twenty-one days of the date of this Order. If Richards disputes the amount sought, he may respond within fourteen days thereafter.

## Conclusion

Plaintiff's Motion for Remand is **GRANTED**, and this case is **REMANDED** to the 191st Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

Dated: August 30, 2016.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE

5