**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:16-CV-001936-M** |
| | § | |
| **ERNEST RICHARDS,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated October 14, 2016 (doc. 19), before the Court is *Plaintiff's Application for Attorney's Fees and Brief in Support*, filed September 19, 2016 (doc. 16). Based on the relevant filings and applicable law, the defendant's motion to reconsider, if any, should be **DENIED,** and the plaintiff should be awarded $2,932.50 in attorneys' fees.

## I. BACKGROUND

This application for attorneys' fees arises out of a lawsuit between National Collegiate Student Loan Trust 2006-3, a Delaware Statutory Trust (Plaintiff), and Ernest Richards (Defendant), which was originally filed in the 191th Judicial District Court in Dallas County, Texas, on August 10, 2015. (doc. 1-3 at 1-4.)[1] Plaintiff alleged breach of a contract to repay a student loan and sought to recover an unpaid balance of $42,740.22, plus accrued and unpaid interest of $4,570.17, as of March 25, 2015. (*Id.* at 1, 3.) On September 28, 2015, Defendant, an attorney who is representing himself *pro se*, filed an original answer asserting a general denial and raising various affirmative defenses. (doc. 1-4 at 1-3; *see also* doc. 4 at 1.)

On July 1, 2016, Defendant removed the action, asserting federal question and diversity

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

jurisdiction. (doc. 1 at 2.) Plaintiff filed a motion to remand on July 14, 2016, and the district court granted it on August 30, 2016. (docs. 6, 14.) As part of its order, the district court granted Plaintiff attorneys' fees and costs under 28 U.S.C. § 1447(c) for improper removal, finding:

> [Defendant] lacked an objectively reasonable basis to remove this case, because it does not involve a federal question or seek damages in excess of $75,000. Additionally, [Defendant] is a citizen of Texas and not entitled to remove this case to a federal court in Texas. The Court therefore orders [Defendant] to pay [Plaintiff] the reasonable attorneys' fees and costs it incurred as a result of removal. [Plaintiff] shall submit by affidavit documents establishing such fees within twenty-one days of the date of this Order. If [Defendant] disputes the amount sought, he may respond within fourteen days thereafter.

(doc. 14 at 5.) Plaintiff timely filed an application for attorneys' fees on September 19, 2016. (doc. 16.) Defendant filed an affidavit in opposition to Plaintiff's request for attorneys' fees on October 4, 2016, and Plaintiff replied on October 11, 2016. (docs. 17, 18.) The application is now ripe for recommendation.

## II. MOTION TO RECONSIDER

In his affidavit in opposition to the requested amount for attorneys' fees, Defendant argues that Plaintiff should not be award any attorneys' fees because "[t]his case has not been tried and since the remand, the court has not set a date for trial thus no fee should be awarded to [Plaintiff]." (*See* doc. 17 at 2-3.) He appears to be asking the Court to reconsider the award of attorneys' fees previously ordered pursuant to 28 U.S.C. § 1447(c) in the order granting Plaintiff's motion to remand. (*See* doc. 14 at 5) (granting motion and ordering attorneys' fees and costs).

Local Rule 5.1(c) for Filing and Serving Pleadings, Motions, or Other Papers states:

> **Document Containing More Than One Pleading, Motion, or Other Paper.** Except for a proposed order or judgment, a document may contain more than one pleading, motion, or other paper. *Any such document must clearly identify each included pleading, motion, or other paper in its title*.

L.R. 5.1(c) (emphasis added). Because Defendant failed to clearly identify his apparent motion to reconsider, any motion for reconsideration should be denied for failure to comply with the local rules. *See Bunch v. Mollabashy*, No. 3:13-CV-1075-G-BH, 2016 WL 874747, at *4-5 (N.D. Tex. Feb. 12, 2016) (denying a motion to dismiss for failure to comply with local rules, including L.R. 5.1(c)), *adopted by* 2016 WL 865659 (N.D. Tex. Mar. 7, 2016).

Even if Defendant had complied with the local rules, he still fails to provide any legal basis for reconsidering the award of attorneys' fees. (*See* doc. 17 at 1-4.)[2] He points to Texas law regarding awards of attorneys' fees in breach of contract cases, but does not address the award of attorneys' fees under § 1447(c). (*See id.*) Additionally, he does not disagree with or address the court's explicit finding that he "lacked an objectively reasonable basis to remove this case" in ordering attorneys' fees and costs. (*See* doc. 14 at 5.) To the extent that Defendant's affidavit is intended to include a motion to reconsider the award of attorneys' fees under § 1447(c), the motion should be denied.

**III. EVIDENTIARY OBJECTION**

Defendant objects to the affidavit of Timothy Wells (Attorney) because it is "fatally flawed and defective" in that it does not state "the facts stated in [Attorney's] affidavit are within his

---

[2] As noted by the Fifth Circuit, the Federal Rules of Civil Procedure "do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.14 (5th Cir. 1994). Where a motion for reconsideration challenges an interlocutory order, it is considered under Rule 54(b). *Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A ruling should only be reconsidered where the moving party presents substantial reasons for requesting reconsideration. *Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996); *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995). In determining a motion under Rule 54(b), some courts have looked to the standards of Rule 59(e), including whether reconsideration is necessary to correct manifest errors of law or fact, to present new evidence, to prevent manifest injustice, or because of an intervening change in law. *SGC Land, LLC v. La. Mistream Gas Serv.*, 939 F. Supp. 2d 612 (W.D. La. 2013). Whether to grant a motion to reconsider rests within the discretion of the court. *Dos Santos v. Bell Helicopter Textron, Inc. Dist*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009).

personal knowledge and are true and correct." (doc. 17 at 1.)

The Federal Rules of Evidence[3] require that a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge may be proved by a witness's or an affiant's own testimony, or reasonably inferred from his position or the nature of his participation in the matters to which he swears. *See id.*; *Am. Motorist Ins. Co. v. Southcrest Constr. Inc.*, No. 3:04-CV-2575-M, 2006 WL 995202, at *9 (N.D. Tex. Apr. 17, 2006) (noting "[a]n affidavit need not affirmatively state that it is based on personal knowledge to be admissible") (citing *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005)). It may include inferences and opinions so long as they are grounded in personal observation and experience. *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999).

Here, Attorney avers that he is Plaintiff's attorney and sets forth his own actions and his own time incurred regarding his representation of Plaintiff in relation to Defendant's improper removal. (doc. 16-1 at 1.) Additionally, he avers the truthfulness of the information in both his affidavit and attached contemporaneous billing records. (*Id.*) This is sufficient to establish that Attorney has personal knowledge of the matters set forth in his declaration and the attached exhibits. *See, e.g., Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L-BH, 2016 WL 4479511, at *7 (N.D. Tex. Aug. 25, 2016) (overruling a personal knowledge objection after considering an affiant's declaration under Fed. R. Evid. 602). Based on his knowledge about his own actions, Attorney has the requisite personal knowledge to make the statements at issue in the

[3] Defendant presents this objection in terms of Tex. R. Civ. P. 185. (doc. 17 at 1.) That rule relates to a Suit on Account in Texas court, not the admissibility of evidence in federal court. Accordingly, Defendant's personal knowledge objection will be considered under the appropriate Federal Rule of Evidence.

affidavit. Defendant's objection is therefore **OVERRULED**.

## IV. SEGREGATION OF ATTORNEYS' FEES

Defendant argues that Plaintiff is required and failed to segregate the requested attorneys' fees. (doc. 17 at 2-3.)

Under § 1447(c),[4] a court may only award "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *see* 28 U.S.C. § 1447(c). In interpreting this provision, the Fifth Circuit has explained:

> a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded. By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred "as a result of the removal."

*Avitts*, 111 F.3d at 32.

Here, Attorney's affidavit states that all of the time for which he seeks fees was incurred in responding to Defendant's improper removal, not the proceedings in state court. (doc. 16-1 at 1.) This statement is supported by the contemporaneous billing records. (*See* doc. 16-2 at 1.) Plaintiff is requesting attorneys' fees properly within the scope of § 1447(c), and no segregation is necessary.

## V. ATTORNEYS' FEES

In adjudicating an attorneys' fees award for an improper removal under § 1447(c), a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Halliburton Latin*

[4] Defendant relies on Texas law regarding segregation. (*See* doc. 17 at 2.) He appears to object to inclusion of fees outside the scope of § 1447(c), which was the basis of the district court's fee award.

*Am. SA v. Int'l Tech. Sols.*, No. 00-20842, 2001 WL 1013047, at *1 (5th Cir. July 31, 2001) (per curiam) (unpublished) (stating the lodestar method and the *Johnson* factors should be used to determine attorneys' fees for an improper removal under § 1447(c)); *see also Block C S. Tower Residences Condo. Residential Ass'n, Inc. v. Blackburn*, No. 3:15-CV-1156-L-BH, 2016 WL 791046, at *1 (N.D. Tex. Feb. 11, 2016), *adopted by* 2016 WL 775835 (N.D. Tex. Feb. 29, 2016) (citing *Halliburton*, 2001 WL 1013047, at *1).

The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[5] *Riley*, 99 F.3d at 760; *La. Power & Light Co.*, 50 F.3d at 331. "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). The most critical factor in determining the reasonableness of an attorneys' fees award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

**A. <u>The Lodestar</u>**

In support of its application, Plaintiff submits an affidavit and contemporaneous billing

---

[5] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

records. (docs. 16-1, 16-2.)

***1. Reasonable hourly rate***

Plaintiff has the burden of showing that its counsel's hourly rate is reasonable. *La. Power & Light Co.*, 50 F.3d at 324. "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 987 n.19 (S.D. Tex. May 30, 1997). Further, "[t]o inform and assist the court in the exercise of its discretion [in analyzing reasonable hourly rate], the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added); *see Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."); *Watkins v. Fordice*, 7 F.3d 454, 458 (5th Cir. 1993).

Here, Plaintiff seeks an hourly rate of $150 per hour. (doc. 16-1 at 1.) It submits Attorney's affidavit, which avers that he is licensed to practice in Texas state courts and the U.S. District Courts within Texas, but it does not indicate his level of experience. (*See id.*) Nor does it contain any information about prevailing rates charged for similar services by attorneys of similar skill levels in this area. (*See id.*) Plaintiff has not submitted any affidavits from other attorneys practicing in the area attesting to the reasonableness of the requested fees. (*See id.*) It's motion does note,

however that Attorney "has six years of experience in the practice of law; three and one-half of which have been in the practice of collections and consumer law" but "has less experience with federal practice and procedure." (doc. 16 at 3.)

Defendant objects to the requested rate of $150 per hour because "[t]he market rate for attorneys with reasonable skills and experience in the community" is $120 per hour.[6] (doc. 17 at 3.) Several federal courts within this district and in Texas have considered or taken judicial notice of the State Bar of Texas's Hourly Rate Fact Sheet (Fact Sheet),[7] which includes hourly rates based on experience, practice area, and geographic region. *See, e.g.*, *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *2 n.4 (N.D. Tex. July 1, 2015) (considering Fact Sheet as a basis for determining a reasonable hourly rate); *Thermotek, Inc. v. Orthoflex, Inc.*, Nos. 3:11-CV-870-D, 3:10-CV-2618-D, 2016 WL 6330429, at *8 & n.14 (N.D. Tex. Oct. 27, 2016) (same); *Jiwani v. United Cellular, Inc.*, No. 3:13-CV-4243-M-BK, 2014 WL 4805781, at *5-6 (N.D. Tex. Sept. 29, 2014) (taking judicial notice of the Fact Sheet); *Fin. Cas. & Sur., Inc., v. Parker*, No. H-14-0360, 2015 WL 6684552, at *5 & n.5 (S.D. Tex. Nov. 2, 2015) (same); *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Cornette Invs., LLC*, No. SA:13-CV-468-XR, 2013 WL 4854392, at *4 (W.D. Tex. Sept. 11, 2013) (same). At least one federal court within this district has also relied

---

[6] Although Defendant objects to the hourly rate, he does not address his objection in terms of whether the requested rate was in line with the prevailing hourly rates in the community for *similar services by lawyers of reasonably comparable skill, experience, and reputation.* (*See* doc. 17 at 3.) Regarding Attorney's hourly rate, in its entirety, Defendant states:

> The market rate for the attorneys with reasonable skills and experience in the community is 120 hours [sic] v. $150 [Attorney] is seeking. This is very unreasonable.

(*Id.* at 3.)

[7] *See* 2015 Hourly Fact Sheet, State Bar of Texas, Department of Research & Analysis, *available at* https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last visited June 7, 2017).

on the Fact Sheet when a fee applicant failed to provide *any* support for his requested attorneys' hourly rates. *See, e.g., Jiwani*, 2014 WL 4805781, at *5-6 (Lynn, C.J.).

Courts have found it appropriate to take judicial notice of the Fact Sheet under Fed. R. Evid. 201 to consider the reasonableness of Plaintiff's requested hourly rate.[8] *See id.*; *Parker*, 2015 WL 6684552, at *5. The Fact Sheet reflects that the median hourly rate for attorneys in the Dallas area ranged from $228 to $392, depending on firm size. Fact Sheet at 13. Additionally, in the Dallas area, the median hourly rate for attorneys with two or less years of experience was $217, and $250 per hour for attorneys with both three to six and seven to 10 years of experience. *Id.* at 12. In the creditor-debtor practice area, the median hourly rate for attorneys in the Dallas area was $265. *Id.* at 9. For attorneys working in the consumer practice area, the median hourly rate was $225 in the Dallas area. *Id.*

Plaintiff's requested hourly rate of $150 per hour is reasonable based on the prevailing market rate in this area for cases of this type, as well as fees awarded under § 1447(c) in other cases within this district. *See, e.g., Block C*, 2016 WL 791046, at *2 (noting that hourly rates between $110 and $250 per hour appeared consistent with the prevailing market rates in the Dallas area for remand work in a forcible detainer action); *Jiwani*, 2014 WL 4805781, at *5-6 (approving rates between $200 and $259 per hour for remand work in a labor and employment case). It is also consistent with hourly rates awarded in debtor-creditor cases in other urban areas of Texas. *See, e.g., Parker*, 2015 WL 6684552, at *5 (approving rates between $135 and $240 per hour); *DZ Bank*, 2013 WL 4854392, at *4 (approving a rate of $207 per hour in a creditor-debtor/commercial

[8] Under Rule 201(b), a court may take judicial notice of a fact that is not subject to reasonable dispute because it is either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

litigation case). Accordingly, the $150 hourly rate for Attorney is reasonable.

***2. Reasonable number of hours***

Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) (per curiam). Here, Plaintiff submitted contemporaneous billing records covering the proceedings in federal court related to the removal and remand. (*See* doc. 16-2 at 1.) Plaintiff's billing records reflect that Attorney spent 21 hours related to the removal and remand, and two hours for the application for attorneys' fees. (*See id.*)

***a. Billing Judgment***

Defendant first argues that Plaintiff has not demonstrated the use of billing judgment. (doc. 17 at 2) (noting "[Attorney] failed to display billing judgment by failing to write off unproductive, excessive or redundant hours"). He appears to focus on the amount of time listed for research and drafting. (*See id.*)

A fee applicant "[is] charged with the burden of showing the reasonableness of the hours [it] bill[s] and, accordingly, [is] charged with proving that [it] exercised billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours[, and fee applicants] submitting fee requests are *required* to exercise billing judgment." *Id.* (emphasis added). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam); *see, e.g., Walker*, 99 F.3d at 770 (reduced applicants requested fees by 15% "to substitute

for the exercise of billing judgment" of the plaintiff's attorney); *US Green Building v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *9 (N.D. Tex. June 17, 2016) (same), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016); *Leroy v. City of Houston*, 831 F.2d 576, 585-86 (5th Cir. 1987) (ordering a 13% reduction when plaintiff's attorney made no reduction to the lodestar for billing judgment); *Saizan*, 448 F.3d at 799 (affirmed a 10% reduction by the trial court because the plaintiff failed to provide evidence of billing judgment); *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944 (N.D. Tex. 2016) (noting that a voluntary reduction of 20% was consistent with the exercise of billing judgment); *SCA Promotions, Inc. v. Yahoo!*, No. 3:14-CV-957-O, 2016 WL 8223206, at *10 (N.D. Tex. Nov. 21, 2016) (reducing the requested amount by 10% in addition to a voluntary reduction by the applicants attorney for billing judgment), *adopted by* 2017 WL 514545 (N.D. Tex. Feb. 8, 2017).

Here, the application does not expressly address billing judgment, and its exercise is not apparent from the submitted billing records. (*See* docs. 16, 16-1, 16-2.) Although Plaintiff argues that Attorney's time was "well spent," (doc. 18 at 3), the billing records show some excessive and redundant time for research and drafting. (*See* doc. 16-2 at 1.) Courts within the Northern District of Texas have applied a 15% reduction in similar cases when a fee applicant has not demonstrated billing judgment. *See US Green Building*, 2016 WL 3752964, at *9 (reducing the hours by 15%); *Walker*, 99 F.3d at 770 (same). Plaintiff's requested amount should be reduced by 15%.[9]

---

[9] In addition to the paragraphs where Defendant explicitly references "billing judgment," he references that the hours requested are "unreasonable" and "outrageous"; that Attorney "failed to avoid repetition, unnecessary expenditure of time, when the issues [were] very simple"; and that the billing records contain "multiple entries of the same tasks." (*See* doc. 17 at 1-4.) Because these objections are included in the billing judgment analysis and are accounted for in the related 15% reduction, they will not be considered separately.

***b. Poor Billing Practices***

Defendant next argues that the billing records show poor billing practices by Attorney.[10] (*See* doc. 17 at 3.)

Although counsel is "not required to record in great detail how each minute of his time was expended . . . at least counsel should identify the general subject matter of his time expenditures." *Thermotek, Inc.*, 2016 WL 6330429, at *9 (noting the fee applicant "must present detailed time records of the hours expended by each lawyer indicating the nature of the particular work done by each, but these records do not need to be perfect") (quoting *Hensley*, 461 U.S. at 437 n.12).

Similarly, a "court may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *La. Power & Light Co.*, 50 F.3d at 324; *see, e.g., Thermotek, Inc.*, 2016 WL 6330429, at *10-11 (reducing lodestar by 10% for "overly redacted entries and a lack of billing judgment" after the responding party argued that "the redactions throughout the Declaration . . . render[ed] the original description vague"). Vague entries are those that are "not illuminating as to the subject matter" or "vague as to precisely what was done." *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D. 2005 WL 6789456, at *11 (N.D. Tex. Dec. 20, 2005) (citation omitted). Examples such as: "revise memorandum," "review pleadings," "review documents," and "correspondence" are sufficiently vague that the court could accept or reject them in a fee application. *Id.* (citation omitted). In *Barrow*, the court found entries, such as "review file," "preparation of correspondence," "review correspondence," "phone conference with co-counsel," "legal research," and "review email," were all vague and did not award attorney fees for these entries. *Id.* (citation omitted); *see Hensley*, 461 U.S. at 433 ("Where the

[10] Defendant does not specify what reduction he is requesting because of the alleged "poor billing practices." (*See* doc. 17 at 3.)

documentation of hours is inadequate, the district court may reduce the award accordingly."); *see also Hoffman*, 2015 WL 3999171, at *1 n.6.

Here, Plaintiff has provided contemporaneous billing records from Attorney that include the date, time spent, and a detailed description of the associated work. (*See* doc. 16-2 at 1.) Unlike the applicant in *Barrow*, Attorney's billing records clearly separate his time based on task as well as individual research topics. (*See id.*) It provides sufficient detail to permit meaningful review. (*See id.*) Accordingly, no further reduction is needed.[11]

In conclusion, after including a 15% reduction for billing judgment, Plaintiff's lodestar is $2,932.50.

**B. Adjustments to Lodestar**

Neither party argues for an adjustment to the lodestar. Accordingly, no adjustment based on the *Johnson* factors is warranted.[12]

## VI. RECOMMENDATION

Any motion to reconsider should be **DENIED**, and Plaintiff should be awarded $2,932.50 in attorneys' fees.[13]

---

[11] Defendant also argues that there are several factual errors in Attorney's affidavit related to whether Plaintiff directly hired Attorney or Scott & Associates, PC, and that "[t]o clear this up [Attorney] ought to produce his engagement agreement with [Plaintiff]." (doc. 17 at 3.) He does not state how this impacts the reasonableness of the hourly rate or hours requested. (*See id.*) Nor does he provide a legal basis for this request. (*See id.*)

[12] Although Defendant does not explicitly argues for a reduction under the *Johnson* factors, he does argue in general that there were "no novel[] nor difficult . . . questions involved in this case." (doc. 17 at 2.) Even if this was liberally construed as an argument for a reduction of the lodestar under the second *Johnson* factor, no further reduction would be necessary because the *Johnson* factors appear to be adequately addressed in the initial lodestar calculation. Additionally, there is a strong presumption that the lodestar figure represents a reasonable attorney's fee. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992). Accordingly, even if considered, no departure from the lodestar is necessary.

[13] Although costs were also awarded in the order remanding the case to state court, (*see* doc. 14 at 5), Plaintiff did not included a request for costs in its application, (*see* doc. 16 at 1-4).

**SO RECOMMENDED** on this 14th day of June, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE